U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUL 06 2005

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Elaine L. Chao,
Secretary of Labor,
United States Department of Labor

v.

ALDI Electric, Inc., a Corporation
and Michael J. Aldi, Jr.,
Individually and as
President

---

No. 1:04-CV-1085
LEK, DRH

### PARTIAL CONSENT JUDGMENT WITH RESPECT TO DEFENDANT ALDI ELECTRIC, INC.

Plaintiff, (the Secretary), has filed her complaint and defendant ALDI Electric, Inc. appeared by Counsel and has waived any defense which it may have and hereby agrees to the entry of this Judgment without admitting any of the violations as alleged. Defendant ALDI Electric, Inc., on or about April 5, 2005 commenced a proceeding for relief pursuant to Chapter 7 of the Bankruptcy Code in the Northern District of New York and was assigned case number 05-12212-1-rel. This Partial Consent Judgment shall in no way bind Defendant Michael J. Aldi, Jr. who continues to defend this action. Nor may this Partial Consent Judgment be submitted as evidence of any admission in any subsequent action against defendant Michael J. Aldi, Jr. It is, therefore, upon motion of the attorneys for the Secretary and

for good cause shown:

I.   ORDERED, ADJUDGED, AND DECREED that defendant ALDI Electric, Inc., its officers, agents, servants, employees, and all persons acting or claiming to act in its behalf and interest be, other than Defendant Michael J. Aldi, Jr., and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(A)   Defendant ALDI Electric, Inc. shall not, contrary to Section 6 of the Act, pay to any of its employees who in any workweek are employed in an enterprise engaged in commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(B)   Defendant ALDI Electric, Inc. shall not, contrary to Section 7 of the Act, employ any of its employees in any workweek who are employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

2

(C) Defendant ALDI Electric, Inc. shall not fail to make, keep, and preserve adequate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by it as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

Further, the Court finding, as unopposed by Defendant ALDI Electric, Inc. that unpaid minimum wage compensation, unpaid overtime compensation of $52,242.18 is to be paid certain employees according to Exhibit A attached, it is:

II. ORDERED, ADJUDGED, AND DECREED that the defendant ALDI Electric, Inc. shall pay as minimum wage compensation, unpaid overtime compensation due the gross amount of $52,242.18 to employees in amounts determined by the Secretary as set forth in Exhibit A and are directed to make payment of the said compensation subject to the approval of the United States Bankruptcy Court in the Northern District of New York having jurisdiction over the defendant ALDI Electric, Inc. in Chapter 7 proceedings as further described below. Plaintiff and defendant ALDI Electric, Inc. acknowledge that ALDI Electric, Inc. has filed a petition under Chapter 7 and such case is pending in the United States Bankruptcy Court for the Northern District of New York in Case No. 05-12212-1-rel. Accordingly, it is agreed by plaintiff and defendant ALDI Electric, Inc. that the backwage

3

compensation of $52,242.18 shall be treated as a non-priority, pre-petition claim. Such sum represents $52,242.18 in back wages for the period June 22, 2001-August 3, 2003 (pre-bankruptcy petition period). The agreed upon backwage compensation will be allowed as an unsecured claim. In the event of distribution of assets by the United States Bankruptcy Court, then payment is to be made by check to the order of "U.S. Department of Labor, Wage Hour Division" and addressed to the U.S. Department of Labor, Wage and Hour Division, Leo O'Brien Federal Bldg., Room 822, Clinton Avenue and No. Pearl Street, Albany, New York 12207.

III. In the event of distribution of assets by the United States Bankruptcy Court in Case No. 05-12212-1-rel, the distribution shall me made to Plaintiff, Secretary of Labor. During the distribution by Plaintiff, Secretary of Labor under this Partial Consent Judgment, any sums not distributed to the named employees, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited by Plaintiff with the Clerk of this Court who shall deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §§2041 and 2042.

IV. Neither defendant ALDI Electric, Inc. nor any one on its behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Judgment.

V. Defendant ALDI Electric, Inc. shall make available to plaintiff the social security number and last known address of each employee or former employee listed in Exhibit A of this judgment.

VI. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that neither the commencement of this action nor the provisions of this consent judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant ALDI Electric, Inc. not listed in Exhibit A, be they current or former employees, to file any action against Defendant ALDI Electric, Inc. under section 16(b) of the Act or likewise for any current or former employee to file any action against Defendant ALDI Electric, Inc. under section 16(b) of the Act for any violations alleged to have occurred after August 3, 2003.

VII. It is FURTHER ORDERED, ADJUDGED, AND DECREED that in the event that defendant ALDI Electric, Inc.'s bankruptcy petition is dismissed, defendant ALDI Electric, Inc. shall make payment of the backwage compensation as ordered in ¶ II above within thirty (30) days of the dismissal of such petition. Conversion of defendant ALDI Electric, Inc.'s Chapter 7 petition to a Chapter 11 petition shall not be considered as a dismissal and all of the provisions of this judgment shall apply to the Chapter 11 proceeding.

VIII.    It is FURTHER ORDERED, ADJUDGED, AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with this proceeding.

DATED: 7/6/05

_____
UNITED STATES DISTRICT JUDGE

Defendant ALDI Electric, Inc. appeared by counsel, has waived any defense to the Complaint, and hereby consents to the entry of this Judgment.

BY: _____
Nathan M. Goldberg, Esq.
Chapter 7 Trustee in Bankruptcy
On behalf of debtor
ALDI Electric, Inc.

Nathan M. Goldberg, Esq.
Goldberg & Gottheim
296 Washington Ave. Extension
Albany, NY 12203

6

| Name | Backwages |
|---|---|
| Jason Arsenault | $10492.50 |
| Jeremiah Arsenault | 4598.00 |
| Christina M. Curcio | 1650.00 |
| Patrick L. Dunn, Jr. | 396.10 |
| Michael Faga | 2723.00 |
| Francis E. Goodsill | 7128.45 |
| George Gotay | 3387.18 |
| Jason E. Hollenbeck | 7143.60 |
| Diane Kiefner | 853.20 |
| Kim J. Kiefner | 10255.00 |
| Sunil S. Rai | 2944.60 |
| Christopher J. Van Buren | 670.55 |
| Total | $52,242.18 |

**EXHIBIT A**